UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAUL A. IANNELLO; | : |
|               **Plaintiff,** | :   **CASE NO.:** |
| v. | : |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | : |
|               **Defendant.** | : |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, American General Life Insurance Company ("American General"), files this Notice of Removal of this action from the Chancery Court for Davidson County, Tennessee, wherein it was pending as Case No. 16-631-II, to the United States District Court for the Middle District of Tennessee, Nashville Division. In support of this removal, American General states as follows:

### INTRODUCTION

Plaintiff, Paul A. Iannello served the Tennessee Commissioner of Insurance with this action on July 7, 2016. This action involves a dispute over the rescission of an Indexed Universal Life Insurance Policy with a $3,697,890 death benefit.

This Court has subject matter jurisdiction over the instant case under 28 U.S.C. § 1332. Complete diversity of citizenship exists because Plaintiff and American General are citizens of different states. The amount in controversy is easily satisfied as Plaintiff seeks a judgment in excess of $110,000. American General timely removed this action in accordance with 28 U.S.C. § 1446. Accordingly, jurisdiction in this Court is proper.

## BASIS FOR REMOVAL

1. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court because there is complete diversity of citizenship between Plaintiff and American General, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### I. Complete Diversity of Citizenship Exists.

2. Defendant American General is incorporated under the laws of the State of Texas, with its principal place of business in Texas. Pursuant to 28 U.S.C. § 1332(c)(1), American General is a citizen of Texas.

3. Paul A. Iannello is domiciled in Robertson County, Tennessee and, therefore, is a citizen of the State of Tennessee.

4. Given that Plaintiff is a citizen of a different state than the Defendant, complete diversity exists.

### II. The Amount in Controversy Exceeds $75,000

5. In addition to establishing diversity of citizenship among the parties, the removing party must also prove that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." *See* 28 U.S.C. § 1332(a)(1). It is clear on the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000.

6. Plaintiff claims that he paid American General $250,000 to purchase an "investment product" but that he did not receive the "investment product" he bargained for. (Compl., Ex. 1 at ¶¶ 7, 9, 10).

7. Plaintiff seeks $250,000 plus a reasonable rate of return less Defendant's payment to the Plaintiff for the cash surrender value of the policy. (Complaint at 3, "Wherefore" clause)

Defendant paid Plaintiff $138,887.81. Accordingly, under Plaintiff's demand, the amount in controversy exceeds $110,000.[1]

8. Plaintiff has specifically alleged damages in excess of the amount-in-controversy requirement in his Complaint. (*Id.*). Therefore, the amount in controversy is easily met. *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .").

**III.    The Case Is Removable Under 28 U.S.C. § 1446(b).**

9. 28 U.S.C. § 1446(b) allows for the removal of a civil action within thirty days after receipt by the Defendant of a copy of the initial pleading setting forth the claims for relief.

10. Plaintiff served the Commissioner of Insurance on July 7, 2016. (Exhibit B at 1). This Notice of Removal is filed within thirty days of July 7, 2016.

**IV.    All Other Removal Prerequisites Have Been Satisfied.**

11. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within the required thirty days of American General's receipt of the Complaint in this action. Attached as Exhibit A are copies of all pleadings and documents contained in the state court file, along with a copy of the civil docket sheet. Attached as Exhibit B are all documents served on American General.

12. Defendant seeks no similar relief with respect to this matter.

13. Venue is proper in this district under 28 U.S.C. § 1446(a), because this district and division embrace the place in which the removed action has been pending.

---

[1] In the alternative, Plaintiff seeks to recover his premium payment and demands judgment in his favor for the return of all funds paid to American General. (Compl. at ¶ 10, p. 3 "Wherefore" clause). Pursuant to this demand, Plaintiff seeks a judgment of at least $250,000.

14. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

15. A Notice of Filing Notice of Removal, with a copy of the Notice of Removal attached, will be filed with the Court Clerk for the Davidson County Chancery Court. Attached hereto as Exhibit C.

16. Written notice of the filing of the Notice of Removal was given to the adverse parties as required by law.

17. Attached and marked as Exhibit B are true and correct copies of all summonses served on Defendant in this action, and the related notices of service of process.

18. The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Middle District of Tennessee and this cause is removable to the United States District Court for the Middle District of Tennessee.

19. If any questions arise with regard to the propriety of the removal of this action, Defendant requests the opportunity to present a brief, oral argument, and/or conduct jurisdictional discovery in support of its position that this case is removable.

Respectfully submitted this 21st day of July, 2016.

>*/s/ Michael D. Mulvaney*
>**Michael D. Mulvaney**
>Tenn Bar: 030040
>**John A. Little, Jr. (*pro hac vice* intended)**
>MAYNARD, COOPER & GALE, P.C.
>1901 Sixth Avenue North
>2400 Regions/Harbert Plaza
>Birmingham, AL 35203-2618
>Telephone: 205.254.1000
>Fax: 205.254.1999
>**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to the following on this 21st day of July 2016:

Robert D. MacPherson
MacPHERSON & YOUMANS, P.C.
119 Public Square
Lebanon, Tennessee 37087
Telephone: (615) 444-2300

Counsel for Plaintiff

*/s/ Michael D. Mulvaney*
Of Counsel