# **EXHIBIT A**

# CASE SUMMARY
### CASE NO. 16-0631-II

| | | |
|---|---|---|
| Paul Iannello vs. American General Life Insurance Company | § § § § § § § | Case Type: **Contract/Debt**<br>Date Filed: **06/16/2016**<br>Location: **- Part II**<br>Judicial Officer: **McCoy, Carol L** |

---

#### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | American General Life Insurance Company | |
| **Plaintiff** | Iannello, Paul A. | Robert Douglas MacPherson<br>*Retained*<br>615-444-2300(W) |

---

#### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 06/16/2016 | **Complaint/Petition**<br>*Complaint* |
| 06/16/2016 | **Jury Demand**<br>*Twelve (12) Person Jury* |
| 06/16/2016 | **Summons - Service**<br>*Serve: American General Life Insurance Company - Commissioner of Insurance return served 7/6/2016 by special officer Julie Spencer* |

**Unofficial Record**

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| PAUL A. IANNELLO, | ) |
| Plaintiff, | ) JURY DEMAND |
| v. | ) Case Number 16-631-II |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

COMPLAINT

FILED 2016 JUN 16 PM 2:19 DAVIDSON CO. CLERK & MASTER CHANCERY CT.

The plaintiff, **PAUL A. IANNELLO**, by his undersigned attorney, sues the defendant **AMERICAN GENERAL LIFE INSURANCE COMPANY**, and says:

1. This is an action to rescind a contract, or, alternatively, for damages for breach of contract.

2. The plaintiff is an individual resident of Robertson County, Tennessee.

3. The defendant is a foreign corporation organized under the laws of the State of Texas that is authorized to do, and is doing, business in the State of Tennessee.

4. In early 2015 the plaintiff had $250,000 that he desired to invest for his ultimate retirement. He was referred by a colleague to the defendant's agent, Shannon Insurance Group, Inc., (hereinafter, "the defendant's agent"), because the agent purportedly could provide a high-yielding, annuity-style investment product that provided tax-free periodic income.

5. Thereafter, the plaintiff met with the defendant's agent and explained that he was looking for a high-yielding, annuity-style investment product that provided tax-free periodic income.

6. The defendant's agent proposed to sell just such an investment product to the plaintiff, and the defendant's agent represented to the plaintiff that the plaintiff would receive account statements periodically showing the growth of his investment.

7. Thereafter, the plaintiff paid the defendant $250,000 to invest in the investment product that he had discussed with the defendant's agent.

8. In June 2015 the plaintiff received in the mail from the defendant a notebook containing a variety of documents purporting to explain what he assumed was his retirement investment. Noting that little in this documentation seemed to relate to a high-yielding retirement investment, but, rather, seemed to relate solely to the existence of life insurance coverage, the plaintiff reached out numerous times in the ensuing months both to the defendant and to the defendant's agent seeking explanations and answers relating to his investment account.

9. Although clearly the plaintiff understood that the investment product had a life-insurance component, nothing that he agreed to envisioned there being any intrusion whatever upon the corpus of his investment. He was startled recently to determine that some of the documentation sent to him by the defendant reflects that his original $250,000 investment had a cash value of only approximately three-fifths of that amount.

10. In view of the foregoing, it is clear that the plaintiff did not receive the investment product that he bargained for. Prior to his retaining counsel to assist him in recovering his investment, all of his requests for information and answers have been ignored or met with dismissive replies.

11. Although the defendant recently remitted to the plaintiff what it claims is the "cash surrender value" due to him, this amount was substantially less than the amount invested by the plaintiff.

Case 3:16-cv-01867 Document 1-2 Filed 07/21/16 Page 4 of 5 PageID #: 11
Iannello v. American General Life Insurance Company, page 2 of 3

**WHEREFORE** the plaintiff demands judgment of and from the defendant rescinding the contract and returning all funds paid by the plaintiff to the defendant, together with prejudgment interest thereupon, or, alternatively, for damages in the amount of $250,000 plus a reasonable rate of return thereupon, less the amount paid by the defendant to the plaintiff as a cash surrender value.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of twelve of all issues triable as of right by jury.

Respectfully submitted,

**ROBERT D. MacPHERSON**, BPR #022516
MacPherson & Youmans, P.C.
119 Public Square
Lebanon, Tennessee 37087
Telephone: (615) 444-2300
Attorney for the plaintiff